No. 04-800

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 210

_____

STATE OF MONTANA,                          )
                                           )
       Plaintiff and Respondent,           )
                                           )          O R D E R
   v.                                      )
                                           )
ROBERT LOUIS MEZA,                         )
                                           )
       Defendant and Appellant.            )

_____

We affirmed the decision of the District Court of the Thirteenth Judicial District, Yellowstone County, in the above-entitled action on August 29, 2006. The Defendant and Appellant Robert Louis Meza (Meza) has petitioned for rehearing and Plaintiff and Respondent State of Montana (State) filed no response.

Rule 34, M.R.App.P., applies to petitions for rehearing. It states:

A petition for rehearing may be presented upon the following grounds and none other: that some fact, material to the decision, or some question decisive of the case submitted by counsel, was overlooked by the court, or that the decision is in conflict with an express statute or controlling decision to which the attention of the court was not directed.

Meza bases his petition on the fact that the Court relied, in part, on the fact that the legislature amended § 61-8-336(2), MCA, in 2003. He points out that the incident in question took place in 2001 and, therefore, the 2003 amendment has no application to it. We agree that the 2003 amendment to § 61-8-336(2), MCA, has no application to Meza's conduct in 2001. Accordingly, we grant Meza's Petition for Rehearing to the extent of making the following nonsubstantive corrections. Strikeouts are deleted and underlined language is added:

¶20 Meza fails to recognize that ~~the Legislature amended § 61-8-336, MCA, in 2003 and removed the language relied upon in~~ *Grindeland*. ~~2003 Mont. Laws Ch. 352. The statute now reads that "[a] person may not turn a vehicle without giving an appropriate signal in the manner provided in this section." Section 61-8-336(1), MCA. Section 61-8-336, MCA, no longer requires that traffic be affected in order for a violation to occur for failure to~~

use a signal. ~~*See* § 61-8-336, MCA. As a consequence, Meza violated § 61-8-336(2), MCA, by not signaling for at least 100 feet before turning in a residential district.~~

¶21 ~~Furthermore, Meza~~ he committed a separate traffic violation by parking in the middle of the street. We <u>therefore</u> need not address the question of whether <u>Meza's failure to use a turn signal actually impeded traffic and thereby violated § 61-8-336(2), MCA. Meza also violated § 61-8-311, MCA, when he parked in the middle of the street. Meza's parking in the middle of the street impeded traffic as evidenced by the fact that Officer Feuerstein had to drive around his vehicle.</u> ~~traffic actually must be impeded to constitute a violation, however, because Meza violated § 61-8-311, MCA, in either case by actually impeding traffic by causing Officer Feuerstein to drive around his vehicle.~~ <u>As a result,</u> ~~T~~the District Court properly determined that particularized suspicion existed to stop Meza's vehicle when he committed ~~two~~ <u>at least one</u> traffic violation~~s~~.

THEREFORE, IT IS ORDERED that Meza's Petition for Rehearing is GRANTED to the extent of amending our Opinion as outlined above.

IT IS FURTHER ORDERED that in all other respects, Petitioner's Petition for Rehearing is DENIED.

DATED this _____ day of October 2006.

_____
Chief Justice

_____

_____

_____

_____
Justices

2