No. DA 06-0305

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 96N

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

CHARLES EDWARD LUNDBERG,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 05-0872,
The Honorable Susan P. Watters, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

          James M. Siegman, Attorney at Law, Billings, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Dennis Paxinos, County Attorney; Laura Watson, Deputy County
Attorney, Billings, Montana

_____

Submitted on Briefs:  March 21, 2007

Decided:  April 17, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Edward Lundberg (Lundberg) appeals following his conviction on felony charges of driving a motor vehicle while under the influence of alcohol or drugs, operating a motor vehicle without proof of liability insurance, and driving while suspended. We affirm.

¶3 Montana Highway Patrol Officer Rick Starks (Officer Starks) was traveling eastbound on Interstate 90 when he saw a van stranded on the eastbound shoulder with its emergency lights activated. Officer Starks found Lundberg on foot near the concrete median with traffic passing in both directions. Lundberg explained that he needed a tow truck. Officer Stark escorted Lundberg across the eastbound lanes to obtain more information to call one. The officer soon suspected that Lundberg was under the influence of alcohol. Lundberg admitted to Officer Starks that he had been drinking.

¶4 Officer Starks proceeded to perform various field sobriety tests. Officer Starks determined that Lundberg had failed the HGN test and Lundberg declined to perform the one-leg stand. Lundberg testified that he had not been driving his vehicle and that a

2

friend had been driving the vehicle. Lundberg claimed that the friend had gone to look for help.

¶5 The District Court denied Lundberg's motion to suppress on the basis that Officer Stark had a duty to stop and assist Lundberg pursuant to the community caretaker doctrine. The court concluded that Officer Starks had not fulfilled that duty until he had obtained the information necessary for him to call a tow truck or insure that Lundberg had some way of removing his vehicle from the interstate.

¶6 Officer Starks testified at trial regarding the events leading up to Lundberg's arrest, including Officer Starks's administration of the HGN test. Officer Starks testified that he had taken a 40-hour course on DUI during his academy training that included training regarding HGN. He further testified that he completed a two-day course on HGN taught by an ophthalmologist. Lundberg cross-examined Officer Starks regarding his training, including Officer Starks's use of the National Highway Transportation and Safety Association Handbook.

¶7 During the settling of jury instructions, Lundberg objected to the State's proposed Instruction No. 14 regarding a person being in actual physical control of a motor vehicle. Lundberg argued that the evidence presented did not support the instruction. The District Court overruled Lundberg's objection and provided the jury with the State's proposed instruction regarding being in actual physical control of a motor vehicle.

¶8 We review a district court's grant or denial of a motion to suppress to determine whether the court's findings of fact were clearly erroneous and whether its conclusions of law were correct. *State v. Meza*, 2006 MT 210, ¶ 16, 333 Mont. 305, ¶ 16, 143 P.3d 422,

3

¶ 16. Lundberg argues that Officer Starks exceeded the scope of any stop authorized under the community caretaker doctrine. He suggests that Officer Starks had completed his community caretaker function once Officer Starks determined that Lundberg needed a tow truck and Officer Starks had assisted Lundberg in returning to his vehicle.

¶9 We review a district court's decision to admit evidence under an abuse of discretion standard. *State v. Crawford*, 2003 MT 118, ¶¶ 7-8, 315 Mont. 480, ¶¶ 7-8, 68 P.3d 848, ¶¶ 7-8. The determination of the qualification and competency of an expert witness rests within the sound discretion of the trial court and we will not disturb it absent a showing of abuse of discretion. *Crawford*, ¶¶ 7-8. Lundberg argues the court erred in allowing Officer Starks to testify regarding the relationship between the results of the HGN test and Lundberg's level of intoxication. He contends that Officer Starks improperly testified regarding the correlation between alcohol consumption and nystagmus. The State counters that Officer Starks properly testified about his administration of the HGN to Lundberg and Lundberg's performance of the test.

¶10 Finally, we review jury instructions to determine whether the instructions as a whole fully and fairly instruct the jury of the applicable law. We will not disturb a court's broad discretion in giving jury instructions absent an abuse of discretion. *State v. English*, 2006 MT 177, ¶ 39, 333 Mont. 23, ¶ 39, 140 P.3d 454, ¶ 39. Lundberg argues that the evidence fails to support the District Court's decision to provide the State's proposed jury instruction regarding actual physical control of a motor vehicle. Lundberg contends that he was across the highway from the vehicle at the time of Officer Starks's

4

initial stop.  He claims that he had not been driving the vehicle and that Officer Starks had no witnesses who could say that Lundberg had been driving the vehicle.

¶11　We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's factual findings and that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶12　We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE